

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID MARTIN | ) | COMPLAINT UNDER THE |
| | ) | RACKETEER INFLUENCED |
| Plaintiff, | ) | and CORRUPT ORGANIZATIONS |
| | ) | ACT |
| vs. **ORIGINAL** | ) | |
| | ) | |
| ONE WAY HOME & LAND COMP., INC.,) | | |
| DARRELL LYNN MARRIOTT, | ) | |
| a.k.a. Lynn Marriott | ) | **JURY TRIAL DEMANDED** |
| KANDANCE YANCY MARRIOTT, | ) | |
| a.k.a. Kandy Marriott | ) | **305 CV 1111-K** |
| MARY SHARP PUTMAN | ) | |
| DEBRA ANN GRACE | ) | |
| a.k.a. Debbie Grace | ) | |
| DAVID ABBE, JR | ) | |
| KAREN HAYES | ) | |
| KATHRYN DAVIS | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, DAVID MARTIN, by his attorney, Robert C. Hinton, Jr., for his complaint alleges as follows:

<u>THE PARTIES</u>

1.  DAVID MARTIN is an attorney/entrepreneur whose primary investments for purposes of this Complaint are related to real estate in and around Navarro County, Texas, as well as Reserve Interchange, d/b/a "Dickey's Barbeque Pit."

2.  ONE WAY HOME & LAND COMPANY, INC., is a corporation incorporated in the State of Texas on December 4, 2001 and currently headquartered at 625 N. Beaton, Corsicana, Texas. ONE WAY HOME & LAND COMPANY, INC., is a private corporation owned by defendants DARRELL LYNN MARRIOTT and KANDANCE YANCY MARRIOTT. One hundred percent of the stock is owned by DARRELL LYNN MARRIOTT and KANDANCE YANCY MARRIOTT.

3.  DARRELL LYNN MARRIOTT, a/k/a Lynn Marriott, is a resident of Navarro County whose last known address is 625 N. Beaton, Corsicana, TX 75110. At all times relevant to this Complaint DARRELL LYNN MARRIOTT was an owner of ONE WAY HOME & LAND COMPANY, INC.

4.  KANDANCE YANCY MARRIOTT, a/k/a Kandy Marriott, is a resident of Navarro County whose last known address is 625 N. Beaton, Corsicana, TX 75110. At all times relevant to this Complaint KANDANCE YANCY MARRIOTT was an owner of ONE WAY HOME & LAND COMPANY, INC.

5.  MARY SHARP PUTMAN is a resident of Navarro County whose last known address is 1245 FM 667, Purdon, TX 76679. At all times relevant to this Complaint MARY SHARP PUTMAN was the bookkeeper for ONE WAY HOME & LAND COMPANY, INC.

6.  DEBRA ANN GRACE, a/k/a Debbie Grace, is a resident of Navarro County whose last know address is Farm Rd 1839, Corsicana, TX 75110. At all relevant times to this Complaint DEBRA ANN GRACE was the office manager of ONE WAY HOME & LAND COMPANY, INC.

7.  DAVID ABBE, JR. is a resident of Navarro County whose last known work address is 625 N. Beaton, Corsicana, Texas. At all times relevant to this Complaint DAVID ABBE, JR. was the construction foreman for ONE WAY HOME & LAND COMPANY, INC.

8.  KAREN HAYES. is a resident of Navarro County whose last known work address is 625 N. Beaton, Corsicana, Texas. At all times relevant to this Complaint KAREN HAYES is a sister to KANDANCE YANCY MARRIOTT and was a salesperson for ONE WAY HOME & LAND COMPANY, INC.

9.  KATHRYN DAVIS . is a resident of Navarro County whose last known work address is 625 N. Beaton, Corsicana, Texas. At all times relevant to this Complaint KATHRYN is a sister to KANDANCE YANCY MARRIOTT and was a director for Midas Financial Group, Inc.

### JURISDICTION AND VENUE

10. This Court's jurisdiction is based upon Title 28, United States Code, Section 1331 and Title 18, United States Code, Section 1964(a).

11. Venue is proper in this judicial district pursuant to Title 28, United States Code, Section 1391.

### INTRODUCTION

12. DAVID MARTIN brings this case against ONE WAY HOME & LAND COMPANY, INC., DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT, MARY PUTMAN and DEBRA ANN GRACE for violations of the federal RICO statute, for fraud, misrepresentation and breach of fiduciary duty. Defendants misused the trust and confidence that DAVID MARTIN placed in them by inducing DAVID MARTIN and his wife to contribute

personal assets in several complex real estate and business ventures when in fact the defendants were merely utilizing ONE WAY HOME & LAND COMPANY, INC., to commit theft and to launder money stolen from DAVID MARTIN and his wife.

## FACTUAL BASIS FOR CLAIMS

13. On or about December 4, 2001, ONE WAY HOME & LAND COMPANY, INCORPORATED was incorporated in the State of Texas. DARRELL LYNN MARRIOTT was listed as both the Registered Agent and the lone officer. The address listed for ONE WAY HOME & LAND COMPANY, INC., was 625 N. Beaton, Corsicana, Texas 75110.

14. From or about July 2002, DAVID MARTIN began conducting business with DARRELL LYNN MARRIOTT and KANDANCE YANCY MARRIOTT, who were operating ONE WAY HOME & LAND COMPANY, INC. The business transactions involved, among other things, the purchase of mobile homes at foreclosure. In particular, DAVID MARTIN would provide the necessary capital and/or collateral for obtaining loans for the purchases of the mobile homes. ONE WAY HOME & LAND COMPANY, INC., would refurbish the purchased properties, submit and/or create invoices for the "work" done, sell the properties and then "divide" the "profits" with DAVID MARTIN.

15. Based on a telephone call from DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT, the owners of ONE WAY HOME & LAND COMPANY, INC., Leisa Martin, DAVID MARTIN'S wife, drafted check # 5441 (*from City National Bank checking account #152067906*) on May 9, 2003, in the amount of $20,000.00 made payable to ONE WAY HOME & LAND. DARRELL LYNN MARRIOTT requested the aforementioned money as a loan; however, neither ONE WAY HOME & LAND COMPANY, INC., nor DARRELL LYNN MARRIOTT has made any attempts to repay the $20,000.00.

16. Based on a telephone call from DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT, the owners of ONE WAY HOME & LAND COMPANY, INC., Leisa Martin, DAVID MARTIN'S wife, drafted check # 5547 (*from City National Bank checking account #152067906*) on July 17, 2003, in the amount of $ 40,000.00 made payable to ONE WAY HOME & LAND COMPANY, INC. DARRELL LYNN MARRIOTT requested the aforementioned money as a loan; however, neither ONE WAY HOME & LAND COMPANY, INC., nor DARRELL LYNN MARRIOTT has made any attempt to repay the $40,000.00.

17. Based on a telephone call from DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT, the owners of ONE WAY HOME & LAND COMPANY, INC., DAVID MARTIN drafted check # 5582 (*from City National Bank checking account #152067906*) on August 12, 2003, in the

amount of $ 40,000.00 made payable to ONE WAY HOME & LAND COMPANY, INC. DARRELL. LYNN MARRIOTT requested the aforementioned money as a loan; however, neither ONE WAY HOME & LAND COMPANY, INC., nor DARRELL LYNN MARRIOTT has made any attempt to repay the $40,000.00.

18. Based on a telephone call from DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT, the owners of ONE WAY HOME & LAND COMPANY, INC., DAVID MARTIN made a telephone transfer *from City National Bank checking account #152067906* on October 14, 2003, in the amount of $ 10,000.00 to ONE WAY HOME & LAND COMPANY, INC. DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT requested the aforementioned money as a loan; however, neither ONE WAY HOME & LAND COMPANY, INC., nor DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT has made any attempt to repay the $10,000.00.

19. Based on a telephone call from KANDANCE YANCY MARRIOTT, the owner of ONE WAY HOME & LAND COMPANY, INC., Leisa Martin, DAVID MARTIN'S wife, made a telephone transfer *from City National Bank checking account #152067906* on October 17, 2003, in the amount of $ 20,000.00 to ONE WAY HOME & LAND COMPANY, INC. KANDANCE YANCY MARRIOTT requested the aforementioned money as a loan; however, neither ONE WAY HOME & LAND COMPANY, INC., nor KANDANCE YANCY MARRIOTT has made any attempt to repay the $20,000.00.

20. Based on a telephone call from DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT, the owners of ONE WAY HOME & LAND COMPANY, INC., DAVID MARTIN drafted check # 1032 (*from The First National Bank of Central Texas checking account #41056383*) on or about October 21, 2003, in the amount of $ 40,000.00 made payable to ONE WAY HOME & LAND. DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT requested the aforementioned money as a loan; however, neither ONE WAY HOME & LAND COMPANY, INC., nor DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT has made any attempt to repay the $40,000.00.

21. On or about November 19, 2003, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT, DEBRA ANN GRACE and/or MARY PUTMAN forged the name of DAVID MARTIN on a check (check number 42137) in the amount of $45,737.76 from Henderson County Title Company, Inc., dated November 14, 2003. Said check was deposited into ONE WAY HOME & LAND COMPANY, INC's building account (Account Number 011579701).

22. On a date unknown to the Plaintiff, MARY PUTMAN, the bookkeeper of ONE WAY HOME & LAND COMPANY, INC. assisted in the laundering of said proceeds (mentioned in Paragraph 21) by preparing Quick Books journal entry in the ONE WAY HOME & LAND COMPANY, INC records which claims the $45,737.76 check from Henderson County Title Company, Inc. was a "GIFT FROM DMI" when in fact DAVID MARTIN never made such a gift.

23. On or about November 26, 2003, Jim Otto drafted check number 1545 on the Dickey's Operating Account #1171118781 for $23,000.00. Said funds were deposited into ONE WAY HOME & LAND COMPANY, INC's building account (Account Number 011579701) without any legitimate purpose for said check.

24. MARY PUTMAN assisted in the laundering of said proceeds mentioned in paragraph 23 by preparing journal entries in the ONE WAY HOME & LAND COMPANY, INC records which claim the $23,000.00 check from Dickey's Operating Account was a loan repayment when in fact ONE WAY HOME & LAND COMPANY, INC never made such a loan to Dickey's Barbeque.

25. On or about January 23, 2004, MARY SHARP PUTMAN, the bookkeeper of ONE WAY HOME & LAND COMPANY, INC., created a spread sheet using a ONE WAY HOME & LAND COMPANY, INC., computer which was entitled "David Martin Investments – 1/23/04." The Spread Sheet suggests that on June 20, 2003, DAVID MARTIN provided $16,000.00 as an investment in 4 lots of real property located in a development called Tower Estates. Part of the purpose of the spread sheet was to conceal from DAVID MARTIN the fact that the money he had provided to ONE WAY HOME & LAND COMPANY, INC., on June 20, 2003 was used to purchase six (6) lots of real property, not four (4), as evidenced by a Special General Warranty Deed (Book 1638 Pages 0559-0563 Navarro County) dated June 20, 2003.

26. On an unknown date but prior to August 19, 2004, MARY SHARP PUTMAN, the bookkeeper of ONE WAY HOME & LAND COMPANY, INC., created a spread sheet using a ONE WAY HOME & LAND COMPANY, INC., computer which was entitled "David and Lynn Marriott Investiments-8/19/2004" to fraudulently reflect the money loaned by DAVID MARTIN to ONE WAY HOME & LAND COMPANY, INC. as being money that was invested by both DAVID MARTIN and DARRELL LYNN MARRIOTT.

27. On or about August 19, 2004, MARY SHARP PUTMAN, the bookkeeper of ONE WAY HOME & LAND COMPANY, INC., created a spreadsheet which listed ten checks as a single entry of $79,801.08 with the note "building expense." Said "building expense" represents proceeds stolen from DAVID MARTIN.

a. On or about January 30, 2004, DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT forged DAVID MARTIN's name on check # 006771 from Ranger Title Co.  Said check was for $18,583.35.

b. On or about April 20, 2004, DARRELL LYNN MARRIOTTT or KANDANCE YANCY MARRIOTT forged DAVID MARTIN's name on check # 44696 from Henderson County Title Co., Inc.  Said check for $5748.27 was related to the sale of property at 106 Calle Del Sur.

c. On or about April 20, 2004, DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT forged DAVID MARTIN's name on check # 44660 from Henderson County Title Co., Inc.  Said check for $5339.00 was related to the sale of property at 117 Tres Lagos Boulevard.

d. On or about May 3, 2004, DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT forged DAVID MARTIN's name on check # 44950 from Henderson County Title Co., Inc.  Said check for $5,630.30 was related to the sale of property at 108 Calle Del Sur.

e. On or about June 1, 2004, DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT forged DAVID MARTIN's name on check # 007646 from Ranger Title Co.   Said check was for $5,336.79.

f. On or about June 1, 2004, DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT forged DAVID MARTIN's name on check # 007662 from Ranger Title Co.  Said check was for $16,708.08.

g. On or about July 6, 2004, DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT forged DAVID MARTIN's name on check # 46592 from Henderson County Title Co., Inc.  Said check for $ 2,556.65 was related to the sale of property at 105 Lago Lane.

h. On or about July 6, 2004, DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT forged DAVID MARTIN's name on check # 46554 from Henderson County Title Co., Inc.  Said check for $1,562.25 was related to the sale of property at 130 Tres Lagos Boulevard.

i. On or about July 13, 2004, DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT wrote "For Deposit Only" on check 30676 from Micro Title Narvarro County, LLC which was made payable to DAVID MARTIN and deposited into an account over which DAVID MARTIN had no control without DAVID MARTIN's knowledge or permission.  Said check was for $5,180.89.

> j. On or about July 23, 2004, DARRELL LYNN MARRIOTT or KANDANCE YANCY MARRIOTT wrote "For Deposit Only" on check 30843 from Micro Title Narvarro County, LLC which was made payable to DAVID MARTIN and deposited said funds into an account (the Dickey's Barbecue Pit Operating Account #1171118781).) over which DAVID MARTIN had no control without DAVID MARTIN's knowledge or permission. Said check was for $13,150.50.

28. Checks to DAVID MARTIN, representing "profits", were distributed by the respective real estate title companies that handled the various real estate closings. All information given to the respective title companies as to what DAVID MARTIN'S "profits" were came from information provided by ONE WAY HOME & LAND COMPANY, INC.'s owners DARRELL LYNN MARRIOTT and KANDANCE YANCY MARRIOTT or their office manager DEBRA ANN GRACE. Furthermore, all information given to the respective title companies as to whom the proceeds from the sale of real estate should go came from information provided by ONE WAY HOME & LAND COMPANY, INC.'s owners DARRELL LYNN MARRIOTT and KANDANCE YANCY MARRIOTT or their office manager DEBRA ANN GRACE.

29. KAREN HAYES solicited an unnamed co-conspirator to sign a fictitious "assumed name" certificate for M&M Homebuilders which was notarized by DEBRA ANN GRACE. DEBRA ANN GRACE notarized the certificate knowing it was fictitious and that it was intended to be used for theft, mail fraud, wire fraud, bank fraud and money laundering. The "assumed name" certificate was never filed with the appropriate county authority; however, the certificate was presented to a bank for purposes of opening an account in the name of M&M Homebuilders. KAREN HAYES was the signatory on the M&M Homebuilders bank account.

30. KATHRYN DAVIS, DARRELL LYNN MARRIOTT and KANDANCE YANCY MARRIOTT formed a Wyoming Corporation, Midas Financial Group, Inc., for the purpose of laundering money stolen from real estate transactions. KATHRYN DAVIS, a director of Midas Financial Group, Inc., opened a bank account in Euless, Texas for Midas Financial Group.

31. As part of their ongoing scheme to defraud DAVID MARTIN, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT, MARY SHARP PUTMAN, KAREN HAYES, KATHRYN DAVIS and/or DAVID ABBE fabricated invoices for work allegedly done for ONE WAY HOME & LAND COMPANY, INC. Said fabricated invoices were provided to Title Companies for the purpose of having checks made payable to the various third-parties by the Title Companies from sale proceeds of properties owned, in part, by DAVID MARTIN. The following invoices are described by way of example only and are not intended to be the exclusive list of said conduct:

a. On or about September 16, 2004, Invoice No. 043900 from Bow Enterprises, Inc., in the amount of $3000.00 was created. Said invoice was purportedly for concrete work for property located at 154 SE CR 3144 Corsicana, TX 75109. No concrete work was performed at said residence.

b. On or about October 7, 2004, Invoice No. 89298 from Bluebonnet in the amount of $1,788.83 was created. Bluebonnet is an answering service owned by Sonia Gonzalez. Bluebonnet performed answering services for ONE WAY HOME & LAND COMPANY, INC. However Invoice No. 89298 suggests that Bluebonnet performed concrete culvert work for ONE WAY HOME & LAND COMPANY, INC. Said invoice was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN.

c. On or about October 11, 2004, an invoice from Cybrcollect to One Way Homes was created to suggest that an L. Sutton, SS# 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 needed credit repair and that said services cost ONE WAY HOME & LAND COMPANY, INC., $1,130.00. Cybrcollect is a fictitious company. Said invoice was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN.

d. On or about October 26, 2004, an invoice from Gilfillan Paint & Hardware to ONE WAY HOME & LAND in the amount of $5,485.58 was created. Said invoice was purportedly for fencing work for property located at 154 SE CR 3144 Corsicana, TX 75109. No fencing work was performed at said residence. Said invoice was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN.

e. On or about November 10, 2004, an invoice from M&M Builders Home Service and Appliance Company to One Way Homes and Land was created to suggest that Customer Sutton purchased an Appliance Package and Warranty Service Package for a total of $4,615.00. Said invoice was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN. This check and all similar checks to M&M Builders Home Service and Appliance Company were given to KAREN HAYES. HAYES deposited this check and all similar checks into the M&M bank account. Subsequently KAREN HAYES cashed counter checks for the amount deposited and funneled the money to DARRELL LYNN MARRIOTT and KANDANCE YANCY MARRIOTT.

f. On or about November 15, 2004, Invoice No. 009017 from Aggressive Mobile Home Movers was created for the purposes of showing a fictitious expense in the amount of $5,724.12 at closing for a property in what is called "Tower Estates," in particular Said invoice was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of

DAVID MARTIN. All identifier information on the Aggressive Mobile Home Movers' invoice is fictitious.

g. On or about December 29, 2004, Invoice No. 94006 from Bluebonnet in the amount of $2,810.00 was created. Bluebonnet is an answering service owned by Sonia Gonzalez. Bluebonnet performed answering services for ONE WAY HOME & LAND COMPANY, INC. However Invoice No. 94006 suggests that Bluebonnet performed concrete culvert work for ONE WAY HOME & LAND COMPANY, INC. Said invoice was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN.

h. On or about January 4, 2005, Invoice/Order #510058-5 from M&M Builders Home Service and Appliance Company to ONE WAY HOMES AND LAND, INC., was created to suggest that Customer Aramijo purchased an Appliance Package and Warranty Service Package for a total of $4,615.00. Said invoice was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN.

i. On or about January 6, 2005, Invoice # 220964 from Midas Financial Group LLC to ONE WAY HOME & LAND, INC., was created to suggest that factoring/financial services were performed for purposes of closing a real estate transaction related to a Customer Aramijo. Said invoice for $14,900.00 was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN. This check and all similar checks to Midas Financial Group were given to KATHRYN DAVIS. DAVIS deposited this check and all similar checks into the Midas Financial Group bank account. Subsequently KATHRYN DAVIS obtained cash from the bank account and funneled the money to DARRELL LYNN MARRIOTT and KANDANCE YANCY MARRIOTT.

j. On or about January 10, 2005, Invoice # 221562 from Midas Financial Group LLC to ONE WAY HOME & LAND, INC., was created to suggest that factoring/financial services were performed for purposes of closing a real estate transaction related to a Customer Perez. Said invoice for $12,900.00 was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN.

k. On or about January 12, 2005, Invoice/Order #512692-5 from M&M Builders Home Service and Appliance Company to ONE WAY HOMES AND LAND, INC., was created to suggest that Customer Perez purchased an Appliance Package and Warranty Service Package for a total of $4,615.00. Said invoice was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN.

l.  On or about January 14, 2005, Invoice # 010062484 from Berry Lumber Co., Inc., in the amount of $2,810.51 was created to suggest that lumber was used in a property whose address is 123 Zodiac, Ferris, Texas. Significantly, this invoice suggests the shipping date is December 10, 2005, a date which has not yet occurred as of the filing date this Complaint. Said invoice was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN.

m.  On or about January 14, 2005, a letter was created to suggest Open Lot Insurance coverage had been obtained by ONE WAY HOME & LAND COMPANY, INC., for property whose address is 123 Zodiac, Ferris, Texas in Ellis County, Texas from Purvis Insurance Agency, Inc. The purported cost of said coverage was $1,389.00. On or about April 5, 2005, Ed Purvis, the owner of Purvis Insurance Agency acknowledged that the letter was a fabrication.

32.  As part of their ongoing scheme to lauder proceeds from their fraudulent activity, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT, MARY SHARP PUTMAN, KAREN HAYES, KATHRYN DAVIS and/or DAVID ABBE created false and fictitious documents, including but not limited to invoices and court documents. The purpose for said fabrications was to have debts owed to various third-party vendors by ONE WAY HOME & LAND COMPANY, INC., paid directly to third-parties vendors from funds that would have been, in part, profit to DAVID MARTIN. Said money laundering was accomplished when ONE WAY HOME & LAND COMPNAY, INC., represented that third-party vendors performed work directly related to a specific real estate transaction when in fact they had not. DAVID ABBE in his capacity as construction foreman customarily initialed all invoices to indicate that he had reviewed it and that it was payable. DAVID ABBE knowingly and intentionally initialed most of the fabricated invoices. The following documents are described by way of example only and are not intended to be the exclusive list of said conduct:

a.  On or about September 16, 2004, Invoice No. 043900 from Bow Enterprises, Inc., in the amount of $3000.00 was created. Said invoice was purportedly for concrete work for property located at 154 SE CR 3144 Corsicana, TX 75109. No concrete work was performed at said residence. To the contrary ONE WAY HOME & LAND COMPANY, INC., owed Bow Enterprises $3000.00 for work performed at another location, which was not jointly owned by DAVID MARTIN.

b.  On or about October 7, 2004, Invoice No. 89298 from Bluebonnet in the amount of $1,788.83 was created. Bluebonnet is an answering service owned by Sonia Gonzalez. Bluebonnet performed answering services for ONE WAY HOME & LAND COMPANY, INC. However Invoice No. 89298 suggests that Bluebonnet performed concrete culvert work for ONE WAY HOME & LAND COMPANY, INC. Said invoice was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN.

c.  On or about October 26, 2004, an invoice from Gilfillan Paint & Hardware to ONE WAY HOME & LAND in the amount of $5,485.58 was created. Said invoice was purportedly for fencing work for property located at 154 SE CR 3144 Corsicana, TX 75109. No fencing work was performed at said residence. It is believed the said invoice could have been tendered for purposes of paying off a debt owed to Gilfaillan Paint & Hardware by ONE WAY HOME & LAND COMPANY, INC., on another transaction.

d.  On a date unknown to Plaintiff, but believed to be on or about November 22, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and/or MARY SHARP PUTMAN created a document which purported to be a "Satisfaction of Judgment" in favor of a Dr. Omar Hosch from a case in the District Court of Barton County, Kansas under the Case Number 99L362. The purpose of the purported "Satisfaction of Judgment" was to create the appearance that an Omar Horsh was entitled to proceeds from a real estate closing thus have a title company prepare a check to Omar Hosch. In fact, Omar Hosch was person from whom DARRELL LYNN MARRIOTT purchased fuel and to whom DARRELL LYNN MARRIOTT was indebted.

e.  On or about December 29, 2004, Invoice No. 94006 from Bluebonnet in the amount of $2,810.00 was created. Bluebonnet is an answering service owned by Sonia Gonzalez. Bluebonnet performed answering services for ONE WAY HOME & LAND COMPANY, INC. However Invoice No. 94006 suggests that Bluebonnet performed concrete culvert work for ONE WAY HOME & LAND COMPANY, INC. Said invoice was created to unjustly enrich ONE WAY HOME & LAND COMPANY, INC., at the expense of DAVID MARTIN.

f.  On or about January 14, 2005, a letter was created to suggest Open Lot Insurance coverage had been obtained by ONE WAY HOME & LAND COMPANY, INC., for property whose address is 123 Zodiac, Ferris, Texas in Ellis County, Texas from Purvis Insurance Agency, Inc. The purported cost of said coverage was $1,389.00. On or about April 5, 2005, Ed Purvis, the owner of Purvis Insurance Agency acknowledged that the letter was a fabrication.

33. On or about November 24, 2004, DARRELL LYNN MARRIOTT, drafted a letter which was either mailed or sent by facsimile wire transmission to a Ms. Dawn Radke at Ranger Title. The purpose of the letter was to direct the Ranger Title Company to pay various invoices, many of which were fictitious, from the proceeds on the sale to Billy Kendall, (property address – 154 SE CR 3144, Corsicana, TX 75109). As noted in Paragraphs 31 and 32 of this Complaint, these fictitious invoices and court documents were to divert money from DAVID MARTIN to ONE WAY HOME & LAND COMPANY, INC., and its owners DARRELL LYNN MARRIOTT and KANDANCE YANCY MARRIOTT and its employees MARY SHARP PUTMAN and/or DEBRA ANN GRACE or to third-party vendors for the benefit of ONE WAY HOME & LAND COMPANY, INC.

34. On or about November 30, 2004, DARRELL LYNN MARRIOTT signed a letter indicating that he received checks from Ranger Title Co., and that he would "be responsible for disbursing all of the above to the proper parties immediately."

35. On or about February 4, 2005, DARRELL LYNN MARRIOTT, drafted a letter which was either mailed or sent by facsimile wire transmission to a Ms. Dawn Radke at Micro Title. The purpose of the letter was to direct the Micro Title Company to pay various invoices, many of which were fictitious, from the proceeds on the sale to Delfina Perez. As noted in Paragraph 31 of this Complaint the fictitious invoices were to divert money from DAVID MARTIN to ONE WAY HOME & LAND COMPANY, INC., and its owners DARRELL LYNN MARRIOTT and KANDANCE YANCY MARRIOTT and its employees MARY SHARP PUTMAN and/or DEBRA ANN GRACE or to third-party vendors for the benefit of ONE WAY HOME & LAND COMPANY, INC.

36. On or about February 7, 2005, DEBRA ANN GRACE, a/k/a DEBBIE GRACE signed a letter indicating that she received checks from Ranger Title Co., and that she would "be solely responsible for disbursing them to the appropriate parties."

ONE WAY HOME & LAND COMPANY, INC's<br>
FRAUDULENT BANK DRAWS FOR<br>
ALLEGED CONSTRUCTION AND EQUIPMENT

37. At all times relevant to this Complaint, Citizens National Bank is and was a federally insured bank. In particular it is a member of the Federal Deposit Insurance Corporation (FDIC), certifcate number 3250.

38. On or about October 17, 2003, ONE WAY HOME & LAND COMPANY, INC., submitted a draw request on a construction loan related to an entity known as Reserve Interchange, d/b/a "Dickey's Barbecue Pit." Said draw request was in the amount of $70,715.86.

39. On or about October 30, 2003, ONE WAY HOME & LAND COMPANY, INC., submitted a draw request on a construction loan related to an entity known as Reserve Interchange, d/b/a "Dickey's Barbecue Pit." Said draw request was in the amount of $26,747.12.

40. As a result of the draw request mentioned in paragraphs 38 and 39 above, Citizens National Bank (CNB) wired/disbursed $77,970.66 into the Reserve Interchange checking account number 1171118803. Said disbursal occurred on or about October 30, 2003.

41. On or about October 30, 2003, DARRELL LYNN MARRIOTT signed a check from Reserve Interchange, d/b/a "Dickey's Barbecue Pit." Said check to ONE WAY HOME & LAND was in the amount of $69,000.00 and purported to be for reimbursement of expenses.

42. On or about November 6, 2003, Vince Carter, an employee of ONE WAY HOME & LAND COMPANY, INC., and of "Dickey's Barbecue Pit" signed a check from Reserve Interchange, d/b/a "Dickey's Barbecue Pit." Said check to KANDY MARRIOTT was in the amount of $5,000.00 and purported to be for "Partial Reimbursement" of a "Dickey's Expense." Said check was deposited into the personal Citizen National Bank account (numbered 1171470973) of DARRELL LYNN MARRIOTT and KANDANCE YANCY MARRIOTT.

43. On or about October 31, 2003, ONE WAY HOME & LAND COMPANY, INC., submitted a second draw request on a construction loan related to an entity known as Reserve Interchange, d/b/a Dickey's Barbecue Pit. Said draw request was for equipment purchases and was in the amount of $188, 349.82.

44. Pursuant to the second draw request dated October 31, 2003, Citizens National Bank disbursed 156,680.00. Said request was fraudulent in that DAVID MARTIN had previously paid directly to vendors $101,078.00 or most of the expenses for which DARRELL LYNN MARRIOTT was seeking loan proceeds.

   a. On or about August 26, 2003, DAVID MARTIN's wife Leisa Martin paid in full the Dickey's Barbecue Inc.-Franchise Fee of $25,000.00.

   b. On or about September 10, 2003, DAVID MARTIN's wife Leisa Martin paid Strategic Equipment & Supply $60,800.00 of the $123,494.81 invoice.

   c. On or about September 15, 2003, DAVID MARTIN's wife Leisa Martin paid Baker Sign Co. 50% or $7,925.00 of the $15,850 invoice.

   d. On or about September 25, 2003, DAVID MARTIN's wife Leisa Martin paid Texas Cash Register 20% or $2,058.00 of the $10,290.00 invoice.

e. On or about October 7, 2003, DAVID MARTIN's wife Leisa Martin paid Impact International 100% or $5,295.00 of the $5,295 invoice.

45. As of October 31, 2003, the outstanding balances owed to vendors was approximately $78,851.81, yet DARRELL LYNN MARRIOTT represented that the vendors were owed $188,349.82.

46. At no time during the period described in this Complaint has DARRELL LYNN MARRIOTT reimbursed DAVID MARTIN for funds paid by the MARTINS from their personal checking account on behalf of Reserve Interchange, d/b/a "Dickey's Barbecue Pit."

47. On or about November 7, 2003, DARRELL LYNN MARRIOTT committed wire fraud when he telephonically advised DAVID MARTIN of the need to pay Strategic Equipment $40,000.00 for equipment purchased by Dickey's when DARRELL LYNN MARRIOTT knew or should have known that a draw request in the amount of $188,349.82 was made which included a request for money to pay Strategic Equipment.

48. DARRELL LYNN MARRIOTT caused the $40,000.00 check from DAVID MARTIN to be deposited into the Reserve Interchange, d/b/a "Dickey's Barbecue Pit" checking / operating account (Account #1171118781).

49. On or about November 13, 2003, DARRELL LYNN MARRIOTT committed wire fraud when he telephonically advised DAVID MARTIN of the need to pay Strategic Equipment $30,000.00 for equipment purchased by Dickey's when DARRELL LYNN MARRIOTT knew or should have known that a draw request in the amount of $188,349.82 was made which included a request for money to pay Strategic Equipment.

50. DARRELL LYNN MARRIOTT caused the $30,000.00 check from DAVID MARTIN to be deposited into the Reserve Interchange, d/b/a "Dickey's Barbecue Pit" checking / operating account (Account #1171118781).

<u>MONEY LAUNDERING VIA THE</u>
<u>USE OF RESERVE INTERCHANGE d/b/a</u>
<u>"DICKEY'S BARBECUE PIT" BANK ACCOUNTS</u>
<u>TO LAUNDER STOLEN MONEY AND/OR FUNNEL MONEY TO</u>
<u>ONE WAY HOME & LAND COMPANY, INC.</u>

51. On or about January 16, 2004, DARRELL LYNN MARRIOTT committed wire fraud when he telephonically advised DAVID MARTIN of the need for operating capital for Reserve Interchange, d/b/a "Dickey's Barbecue Pit."

52. In response to DARRELL LYNN MARRIOTT's request for operating capital, DAVID MARTIN's wife drafted a check in the amount of $40,000.00 with a note "advance to corp." in the memo line.

53. On or about January 16, 2004, DARRELL LYNN MARRIOTT transferred $40,000.00 from the Reserve Interchange checking account to the Dickey's Operating Account (Account #1171118781).

54. On or about January 16, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT, Darrell L Marriott, Jr. and Kally Marriott received payroll checks from ONE WAY HOME & LAND COMPANY, INC., which totaled $9,063.33.

55. On or about January 21, 2004, DARRELL LYNN MARRIOTT drafted a check, check number 1103, from the Dickey's Operating Account (Account #1171118781) in the amount of $30,000.00 which was made payable to ONE WAY HOME & LAND COMPANY, INC. Said check was deposited into ONE WAY HOME & LAND COMPANY, INC. account number 011579701.

56. MARY PUTMAN assisted in the laundering of said proceeds by preparing journal entries in the ONE WAY HOME & LAND COMPANY, INC records which claim the $30,000.00 check from Dickey's Operating Account was a loan repayment when in fact ONE WAY HOME & LAND COMPANY, INC never made such a loan.

57. On or about January 27, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and/or MARY PUTMAN forged the name of DAVID MARTIN on Ranger Title Company check (check number 006771) dated January 27, 2004 in the amount of $18,583.35 and deposited the proceeds of said check into Dickey's Operating Account (Account #1171118781) on January 29, 2004.

58. On or about January 30, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and/or MARY PUTMAN transferred $17,000.00 from the Dickey's Operating Account (Account #1171118781) to the Dickey Payroll Account (Account #1171118846).

59. On or about March 3, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and/or MARY PUTMAN forged the name of DAVID MARTIN on Henderson County Title Company, Inc., check (check number 43729) dated March 3, 2004 in the amount of $6,569.69 and deposited the proceeds of said check into the Reserve Interchange Account (Account #1171118803).

60. On or about March 8, 2004, it is believed that DARRELL LYNN MARRIOTT withdrew $6,200.00 from the Reserve Interchange Account by way of temporary check number 120.

61. On or about April 12, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and/or MARY PUTMAN forged the name of DAVID MARTIN on Henderson County Title Company, Inc., check (check number 44660) dated April 12, 2004 in the amount of $5,339.00 and deposited the proceeds of said check into Dickey's Operating Account (Account #1171118781) on April 19, 2004.

62. On or about April 14, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and/or MARY PUTMAN forged the name of DAVID MARTIN on Henderson County Title Company, Inc., check (check number 44696) dated April 14, 2004 in the amount of $5,748.27 and deposited the proceeds of said check into Dickey's Operating Account (Account #1171118781) on April 19, 2004.

63. On or about April 30, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and/or MARY PUTMAN forged the name of DAVID MARTIN on Henderson County Title Company, Inc., check (check number 44950) dated April 26, 2004 in the amount of $5,630.30 and deposited the proceeds of said check into Dickey's Operating Account (Account #1171118781) on April 30, 2004.

64. On or about May 26, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and/or MARY PUTMAN forged the name of DAVID MARTIN on Ranger Title Company check (check number 007646) dated May 26, 2004 in the amount of $5,336.79 and deposited the proceeds of said check into Dickey's Operating Account (Account #1171118781).

65. On or about May 27, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and/or MARY PUTMAN forged the name of DAVID MARTIN on Ranger Title Company check (check number 007662) dated May 27, 2004 in the amount of $16,708.08 and deposited the proceeds of said check into Dickey's Operating Account (Account #1171118781).

66. On or about June 30, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and/or MARY PUTMAN forged the name of DAVID MARTIN on Henderson County Title Company, Inc., check (check number 46554) dated June 30 2004 in the amount of $1,562.54 and deposited the proceeds of said check into Dickey's Operating Account (Account #1171118781) on July 2, 2004.



67. On or about June 30, 2004, DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and/or MARY PUTMAN forged the name of DAVID MARTIN on Henderson County Title Company, Inc., check (check number 46592) dated June 30 2004 in the amount of $2,556.65 and deposited the proceeds of said check into Dickey's Operating Account (Account #1171118781) on July 2, 2004.

## PATTERN OF FRAUDULENT CONDUCT

68. The fraudulent acts committed by defendants as part of their transactions with DAVID MARTIN are not isolated, but rather are part of a fraudulent pattern of conduct through which the defendants have committed large scale theft. Defendants routinely misrepresented work performed on investment properties via false and fictitious invoices and routinely presented "pay out" figures to title companies such that Defendants obtained money from title companies to pay for bills which were unrelated to transactions in which they were in a fiduciary relationship with Plaintiff, DAVID MARTIN.

69. After obtaining funds from Plaintiff, either directly or via forged title company checks, Defendants repeatedly misrepresented or concealed their conduct by creating false and fictitious spreadsheets and journal entries which prevented Plaintiff from readily discovering the theft and fraud.

70. This fraudulent pattern of conduct has resulted in investigations and criminal enforcement actions against DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT and MARY PUTMAN. On or about March 24, 2005, DARRELL LYNN MARRIOTT was indicted for theft in excess of $100,000.00. On or about March 24, 2005, KANDANCE YANCY MARRIOTT was indicted for theft in excess of $100,000.00. On or about March 24, 2005, MARY PUTMAN was indicted for theft in excess of $100,000.00.

## COUNT ONE
### RICO VIOLATION

71. DAVID MARTIN incorporates by reference Paragraphs 1 through 65 as if fully repeated herein.

72. At all times relevant to this Complaint, ONE WAY HOME & LAND COMPANY, INC., and the Conspirators were "persons" within the meaning of RICO, 18 U.S.C. § 1961(3) and 1962(c).

73. At all times relevant to this Complaint, ONE WAY HOME & LAND COMPANY, INC., was an "enterprise" as defined by 18 U.S.C. § 1961(4) that was and is engaged in, and its activities affect, interstate commerce. Each defendant, DARRELL LYNN MARRIOTT, KANDANCE YANCY

MARRIOTT, MARY PUTMAN and DEBRA ANN GRACE played an important role in the theft of moneys from DAVID MARTIN.

74. Defendants knowingly and willfully associated with ONE WAY HOME & LAND COMPANY, INC., and participated in the conduct of the enterprise's affairs, directly and indirectly by laundering stolen money through a "pattern of racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(5), in violation of 18 U.S.C. § 1962(c).

75. The pattern of racketeering engaged in by defendants ONE WAY HOME & LAND COMPANY, INC., DARRELL LYNN MARRIOTT, KANDANCE YANCY MARRIOTT, MARY PUTMAN and DEBRA ANN GRACE involved the previously alleged separate but related schemes, carried out from at least 2003 to the present, and directed at DAVID MARTIN. The acts were related to each other by virtue of common participants, a common victim (DAVID MARTIN), a common method of commission and the common purpose and common result of defrauding DAVID MARTIN of approximately $400,000.00 and enriching the Conspirators at DAVID MARTIN's expense while concealing the Conspirators' fraudulent activities.

76. The pattern of racketeering engaged in by defendants involved the previously alleged predicate acts constituting mail fraud (in violation of 18 U.S.C. § 1341) and wire fraud (in violation of 18 U.S.C. § 1343), all of which is "racketeering activity" as defined in 18 U.S.C. § 1961(1)(B).

77. DAVID MARTIN relied upon the misrepresentations and omissions directed at him by defendants as part of their pattern of racketeering activity, and as a direct result suffered damage to his business and property and lost not less than $400,000.00.

78. As a result of its misconduct, ONE WAY HOME & LAND COMPANY, INC., is liable to DAVID MARTIN for the losses, the exact amount to be determined at trial.

79. Pursuant to RICO, 18 U.S.C. § 1964(c), DAVID MARTIN is entitled to recover threefold his damages plus costs and attorneys' fees from ONE WAY HOME & LAND COMPANY, INC.

## COUNT TWO
## RICO CONSPIRACY

80. DAVID MARTIN incorporates by reference Paragraphs 1 through 74 as if fully repeated herein.

81. At all times relevant to this Complaint, ONE WAY HOME & LAND COMPANY, INC., and the Conspirators were "persons" within the meaning of RICO, 18 U.S.C. § 1961(3) and 1962(D).

82. At all times relevant to this Complaint, ONE WAY HOME & LAND COMPANY, INC., was an "enterprise" as defined by 18 U.S.C. § 1961(4) that was and is engaged in, and its activities affect, interstate commerce.

83. As set forth in Count One defendants knowingly and willfully associated with ONE WAY HOME & LAND COMPANY, INC., and participated in the conduct of the enterprise's affairs, directly and indirectly by laundering stolen money through a "pattern of racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(5), in violation of 18 U.S.C. § 1962(c).

84. At all times relevant to this Complaint, ONE WAY HOME & LAND COMPANY, INC., and the other Conspirators each were associated with the enterprise and agreed and conspired to violate 18 U.S.C. § 1962(c), that is, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §1962(d).

85. ONE WAY HOME & LAND, COMPANY, INC., and the other Conspirators committed and caused to be committed a series of overt acts in furtherance of the conspiracy and to affect the objects thereof, including but not limited to the acts set forth above.

86. As a result of ONE WAY HOME & LAND COMPANY, INC., and the other Conspirators' violations of 18 U.S.C. § 1962(d) DAVID MARTIN lost not less than $400,000.00.

87. As a result of the Conspiracy ONE WAY HOME & LAND COMPANY, INC., is liable to DAVID MARTIN for losses in an amount to be determined at trial.

88. Pursuant to RICO, 18 U.S.C. § 1964(c), DAVID MARTIN is entitled to recover threefold his damages plus costs and attorneys' fees from ONE WAY HOME & LAND COMPANY, INC.

WHEREFORE, Plaintiff pray for a judgment in his favor:

(1) awarding DAVID MARTIN damages, including compensatory, treble, and punitive damages, as well as pre-judgment and post-judgment interest, in an amount to be determined at trial;

(2) awarding DAVID MARTIN the costs, expenses and attorneys' fees incurred in prosecuting this action.

Dated: May 31st, 2005

_____
ROBERT C. HINTON, Jr.
Texas State Bar No. 09710800
5015 Tracy Street, Suite 100
Dallas, Texas 75205
(214) 219-9303
(214) 219-9309 FAX
Attorney for David Martin

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

David Martin

**(b)** County of Residence of First Listed Plaintiff   Navarro
(EXCEPT IN U.S. PLAINTIFF CASES)

**COPY**   **ORIGINAL**

MAY 31 2005
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## DEFENDANTS

One Way Home & Land Company, Inc.; (2) Darrell Lynn Marriott (3) Kandance Y. Marriott (4)Mary Putman (5)Debra Grace (6) David Abbe, Jr. (7) Karen Hayes (8)Kathryn Davis

County of Residence of First Listed Defendant   NAVARRO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robert C. Hinton, Jr. (214)219-9300
5015 Tracy St., Suite 100, Dallas, TX 75205

Attorneys (If Known)

**305CV1111-K**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                      and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C Section 1964(a)

Brief description of cause:
Civil RICO

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                      DOCKET NUMBER

DATE
May 31, 2005

SIGNATURE OF ATTORNEY OF RECORD
Robert C. Hinton, Jr.

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE